## CURRENT OHIO COURT of APPEALS CASES
### Weekly Advance Abstract Opinions

---

### EPITOMIZED OPINIONS
### Published only in the Abstract

---

#### No. 448

#### RICE v. FREEMAN

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8091. Decided May 23, 1927

Judges Shields, Lemert & Houck, 5th Dist., sitting.

941. PRACTICE & PROCEDURE—Where inquiries are made as to value of goods before and after accident, counsel cannot later complain of the admission of such testimony, after having cross examined the witness.

First Publication of this Opinion

BY THE COURT.

Zoe Freeman brought an action against Ethel Rice in the Cleveland Municipal Court to recover damages by reason of Freeman's furniture, goods and chattels being injured due to the alleged careleessness and negligence of Rice in turning on the heat in the radiators in an apartment occupied by Freeman. It was claimed that steam was permitted to escape from the radiators and steam pipes causing the injuries set forth.

Rice denied the allegations of negligence and denied that she retained exclusive control over radiators and pipes located in said apartment and that she or any employee of hers carelessly turned on the steam without exercising proper care. Judgment was rendered in favor of Freeman for $250 and error was prosecuted to the Court of Appeals, Rice claiming that the court erred in admission of testimony and that the judgment was unsupported by any competent evidence.

The Court of Appeals held:

1. That Rice did not have exclusive control over the heating plant at the time of this action, appears to have been fully shown; and that the heating plant was first started on the day of the accident as testified to by the janitor, claiming as he did, "that a big fire was made to see what pressure of steam could be had," and as a result, the defective valve brought out the hot steam in said apartment injuring the furniture and other property.

2. Freeman testified without objection to the difference in value of the injured furniture and personal effects before and after the accident, placing the amount at $300. Counsel now raises the question that said testimony was improperly allowed to be admitted.

3. There is no rule permitting the regularity of such testimony to be questioned at this time; and as a matter of law, the inquiry made of the witness was proper; inasmuch as counsel cross-examined her on the same subject.

Judgment affirmed.

(Shields, PJ., and Lemert & Houck, JJ., concur.)

Attorneys—L. A. Tucker for Rice; Holliday, Grossman & McAfee for Freeman; all of Cleveland.